AN GUOC CHUN, a.k.a., An Guo Chun, a.k.a. Guo An Zheng, Petitioner,

v.

Eric H. HOLDER Jr.,[1] United States Attorney General, Respondent.

No. 08–3305–ag.

United States Court of Appeals, Second Circuit.

Sept. 21, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Lawrence Spivak, New York, New York, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Michael P. Lindemann, Assistant Director; Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner An Guoc Chun, a native and citizen of China, seeks review of the June 5, 2008 order of the BIA denying his motion to reopen. *In re An Guoc Chun,* No. A29 554 086 (B.I.A. June 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we conclude that the BIA did not abuse its discretion in denying Chun's second motion to reopen as untimely. An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). It is beyond dispute that Chun's motion was both untimely and number barred.

Moreover, the BIA properly found that Chun's motion did not qualify for the "changed country conditions" exception to the time and number limitations on motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). It is well-settled that a change in personal circumstances, such as Chun's recent involvement with pro-democracy activities, is not evidence of changed country conditions. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d Cir.2006); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). Furthermore, the BIA reasonably found that persecution of pro-democracy activists has been ongoing in China and that Chun failed to establish that this type of persecution had changed since his last hearing in 2003.

Further, while Chun suggests that the BIA erred in failing to consider all his evidence, a review of the record reveals that the BIA reasonably considered that evidence and found that it failed to overcome the adverse credibility determination

made by the IJ during Chun's initial immigration proceedings. *See Wei Guang Wang*, 437 F.3d at 273–275; *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir.2007). Accordingly, the BIA's denial of Chun's motion to reopen was not an abuse of discretion. *See* 8 C.F.R. § 1003.2(c); *Wei Guang Wang*, 437 F.3d at 275.

 Finally, insofar as Chun argues that the court should remand to the BIA "for a full hearing on the merits of [his] new claim for asylum and withholding of deportation based upon political opinion," that argument also fails. Chun never asked the BIA to consider a "new claim for asylum and withholding of deportation," but only requested reopening of his initial immigration proceedings based on changed country circumstances, which is an independent form of relief separate and distinct from a successive, untimely asylum application based on changed circumstances. *Compare* 8 C.F.R. § 1003.2(c)(3)(ii), *with* 8 U.S.C. § 1158(a)(2)(D). *See also Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003) (concluding that, although petitioner failed to show that the agency abused its discretion in denying her motion to reopen, there was another potential "administrative remedy open to [petitioner]" in the form of a "successive, untimely asylum application"). Thus, the BIA never considered this request, and we cannot review it on appeal. However, "[w]hile the government argues that this Court lacks jurisdiction to review the discretionary denial of permission to file a successive petition under 8 U.S.C. § 1158(a)(3), [Chun] may still pursue this relief even if further judicial review is unavailable." *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).